**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES KEVIN HOWELL, | : | **CIVIL NO. 3:09-CV-01282** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Smyser) |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

This Section 2254 habeas corpus petition was filed *pro se* by the petitioner on July 6, 2009. (Doc. 1). An Order to Show Cause was issued on August 18, 2009. (Doc. 4). A response to the petition was filed on October 9, 2009. (Doc. 10). Counsel was appointed for the petitioner, and a brief for the petitioner was filed on February 22, 2010. (Doc. 16). The respondent filed a brief in opposition on March 9, 2010. (Doc. 17).

The petitioner was convicted by a jury in the Court of Common Pleas of Dauphin County on June 24, 2005 of aggravated assault, unlawful restraint, terroristic threats, recklessly endangering another person and possession of instruments of a crime. He was sentenced to an aggregate sentence of 12 to 24 years, a fine and costs. An appeal was taken to the Superior Court. The judgment of sentence was affirmed. There was not

a petition to the Supreme Court of Pennsylvania for the allowance of an appeal.

The petitioner filed a Pennsylvania Post Conviction Relief Act petition on December 21, 2006. It was denied by Order of August 13, 2007, without a hearing. An appeal was taken to the Superior Court, which Court affirmed the denial of the petition. The Supreme Court denied a petition for the allowance of an appeal.

The evidence at trial has been summarized by the trial court and by the Superior Court in the Memorandum Opinion denying the direct appeal, as follows[1]:

> Defendant and Diana Vogt, the victim, began dating in the fall of 2004 for about three or four months. On the evening of Saturday, December 11, 2004, Defendant drove victim to a neighborhood bar. At the bar, Defendant became upset with victim and he left in his vehicle, leaving her at the bar. Victim found another ride home and upon arriving, she found Defendant asleep in his car in her driveway. She then went out in her vehicle, picked up some of her friends, and brought them back to her house because she was afraid of what Defendant might do. Defendant was no longer in her driveway when she returned home.
>
> Later that evening, Defendant called victim and asked if anyone was at her house, and victim replied that she was alone and going to sleep. About an hour after Defendant called the victim, he arrived at the victim's house and began banging on her front door demanding to see her. Victim refused and she went back to bed. Shortly thereafter, Defendant went around the side of the victim's house and began throwing rocks at

---

[1] The petitioner is the "defendant."

2

victim's bedroom window.  Again, victim ordered Defendant to leave her property.  Victim retrieved a pistol in her house and fired a round in the opposite direction from where Defendant was standing outside her bedroom window, and Defendant proceeded to leave her property.  On December 12, 2004, victim went down to the police station to report the events of the previous night and later noticed that a tire on her vehicle had been slashed.

On December 13, 2004[,] at around 8:30 in the evening, victim was leaving her house to run errands when Defendant pulled his car behind her vehicle in the driveway, blocking her from pulling out.  Victim then got out of her car and observed Defendant approaching her with a knife.  Victim tried to quickly get back into her car but, as she began re-entering her vehicle, Defendant stabbed her in the back four times.  Defendant pulled victim to the ground and kicked and punched her in the head.  Defendant took victim to his car and placed her in the front passenger seat.

Over the course of the next several hours, Defendant drove around back roads near victim's house and made stops at a gas station and a convenience store.  Defendant stopped on the side of the road to allow victim to go to the bathroom and he asked her if she had any blood in her urine. Defendant took victim to state game lands, pulled her out of the car, and said he was going to take her into the woods and finish her off there.  Victim threw herself on the ground and pleaded for Defendant not to take her back in the woods.  Defendant told victim to hurry up and bleed out so he could dump her body in Perry County and then he dragged her back into his car.  With victim still in his car, Defendant drove past Hershey Medical Center approximately three times and Harrisburg Hospital once, taunting his victim and not stopping to allow victim to receive medical assistance.  At some point thereafter, the victim testified that Defendant threw the knife he stabbed victim with out of his car window as he was driving.

After about eight hours of driving the bleeding victim around in his car, Defendant dropped her off back at her house and told her not to call anyone for at least a half hour.  Victim called 911 immediately after Defendant left her

3

>             property and she was promptly taken to the
>             emergency room by ambulance. While in the
>             hospital, victim was treated for four open stab
>             wounds in her upper back, a collapsed lung, and a
>             bloody nose.

(Doc. 10, Exhs. D, G).

The claims raised by the petitioner here in his *pro se* petition are 1) that his vehicle was searched before the search warrant authorizing the search of the vehicle was obtained from the magisterial district judge; 2) that trial counsel was ineffective for failing to use evidence (two time stamped photographs of the petitioner's hands) in counsel's possession at the suppression hearing when the photographs would have been circumstantial evidence to show that the vehicle search was conducted before the search warrant was obtained; and 3) that there was testimony about prior bad acts of the petitioner admitted by the court at his trial that was very damaging to the petitioner's prospects for acquittal. (Doc. 1, pages 6-10). The brief for the petitioner, submitted on his behalf by counsel, sets forth two grounds for habeas corpus relief: 1) that the search of the petitioner's vehicle was in violation of the Fourth Amendment; and 2) that trial defense counsel was ineffective for not introducing the photographs of the petitioner's hands with the corresponding photograph time stamps to show that the search occurred before the warrant was issued. (Doc. 16). The brief also presents arguments that the decision in *Stone v. Powell,* 428 U.S. 465 (1976) does not bar the Fourth Amendment claim, that the

4

petitioner has exhausted state court remedies and that any procedural default on the part of the petitioner in pursuit of state court remedies should be excused.

The text of 28 U.S.C. § 2254 is as follows:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

        (A) the claim relies on--

            (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>               (ii) a factual predicate that could
>               not have been previously discovered
>               through the exercise of due
>               diligence; and
>
>           (B) the facts underlying the claim would
>           be sufficient to establish by clear and
>           convincing evidence that but for
>           constitutional error, no reasonable
>           factfinder would have found the applicant
>           guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(g) A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

> (i) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

The respondent argues that the petitioner's Fourth Amendment claim is barred by *Stone v. Powell, supra,* and also observes that the trial court decided as a finding of fact that the search of the petitioner's car was lawful because it was conducted after a valid search warrant was obtained and was conducted pursuant to the search warrant. Citing Section 2254(d)(2), the respondent argues that there was not an unreasonable determination of the facts in light of the evidence presented. The respondent argues that the ineffective assistance of counsel claim was not exhausted and that it is not a meritorious claim.

The petitioner's challenge in this federal habeas corpus petition to the Fourth Amendment legality of the search of his vehicle is not a challenge that he is entitled to raise in a Section 2254 habeas corpus petition. The United States Constitution does not contain, either in the Fourth Amendment or elsewhere in the Constitution, any provision requiring the exclusion of relevant and probative evidence in a criminal trial on the basis that it was obtained by the police as the result of a violation of the Fourth Amendment prohibition against unreasonable searches and seizures. Exclusions from criminal trials of evidence seized in a search that was not in

8

conformity with the Fourth Amendment warrant requirement or with some exception to the warrant requirement were adopted by the United States Supreme Court as a measure to deter police violations of the Fourth Amendment. *Weeks v. United States*, 232 U.S. 383 (1914). The United States Supreme Court decided in *Stone v. Powell, supra,* however, that in the light of the considerable cost to society of the exclusion of relevant and probative evidence from a criminal trial and the potential consequential possible failure of the state to convict a guilty person, a federal court should not grant a habeas corpus petition on the grounds that evidence used in a state trial had been seized in violation of the Fourth Amendment so long as the defendant had been given a full and fair hearing in state court (or the opportunity for one) on his claim of a seizure of evidence through an unlawful search and seizure.

In the petitioner's case, the state trial court afforded the petitioner a full and fair suppression hearing in which the petitioner sought to have suppressed the evidence taken or learned from a search of his vehicle. (Doc. 17, Exh. B).

Apart from *Stone v. Powell,* the issue involving the search of the vehicle is correctly subject to disposition under the deference to state court fact finding required of federal courts in state convicts' habeas corpus challenges to their state convictions. The requirement is in the statutory

9

law, quoted above.  28 U.S.C. Section 2254(d)(2).  If the state court has conducted a full and fair hearing and has made a determination of the factual issue that is not unreasonable in consideration of the evidence, that factual issue is not to be treated by a federal court as one that is open to a *de novo* decision by the federal court.  This factual decision by the state court in the petitioner's case that the police conducted a search of the vehicle pursuant to the search warrant that they had obtained from a judge is not an issue for this court to consider anew.  The petitioner was able at the suppression hearing to make a plausible case for the idea that the search was conducted before the warrant was obtained.  But the witnesses at the suppression hearing testified that the search was conducted after the warrant was obtained.  Inferences from circumstantial evidence that could be considered by a fact finder to support a different findings as to the time of the search were considered by the responsible fact finder, the trial judge.  The judge did not find the direct evidence, the witnesses' testimony, to be impeached.  That was a reasonable determination by the judicial fact finder given that responsibility under law of the factual issues based upon the evidence.  The federal court has no basis under the habeas corpus statute to make a new determination of that issue.

The petitioner argues that the first claim here is not a Fourth Amendment claim such as would be barred by the holding in *Stone v. Powell* that the *Weeks* exclusionary rule is not enforceable in a Section 2254 habeas corpus action. The claim is a due process claim, the petitioner asserts. It is, the petitioner asserts, a claim that the state used false evidence, a claim of a sort that is appropriately seen to be a claim of a violation of due process under the Fourteenth Amendment. As the petitioner's brief sets forth, and the cases cited therein confirm, the prosecution's knowing use of perjured[2] testimony at trial is a violation of the due process rights of the criminal defendant. Here the petitioner did not raise a due process claim in the state court proceedings. However, that is of no matter as to the petitioner's Fourth Amendment claim. That claim of an incorrect outcome in the state court proceedings as to the Commonwealth's introduction of evidence seized upon the search of the petitioner's vehicle is foreclosed from Section 2254 review under *Stone v. Powell.* The cases cited by the petitioner involve allegations of knowing use of false testimony by the prosecution affecting proof of the offense; i.e., guilt or innocence. The use of evidence taken from the petitioner's vehicle did not involve a potentially prejudicial use by the prosecution of false

---

[2] The petitioner unintentionally misquotes from the *Radosh* Opinion, mistakenly referring to the prosecution's use of "prejudiced testimony" rather than as the court there addressed "perjured testimony."

11

evidence.  It did not give rise to a likelihood that an innocent person would be convicted.  The petitioner's claim of false testimony as to the search's timing does not take this case out of the coverage of *Stone v. Powell.  See Smith v. McCollough,* 97 F. Supp.2d 626 (M.D. Pa. 1999)(Nealon, J.).

Even if the Fourth Amendment search issue is considered under 28 U.S.C. § 2254(d)(2), the result is no different.  The state trial court, faced with police work characterized by the trial court as "sloppy",  weighing the suppression hearing evidence, did not make an unreasonable determination of the facts in light of the evidence presented.

Addressing the argument of an ineffectiveness of counsel at the suppression hearing for not impeaching witnesses with time stamped photographs in an effort to show that the search of the vehicle occurred before the warrant was obtained, the respondent argues that the claim should be denied on the merits in that, the respondent argues, counsel was not ineffective because counsel did not at the time of the suppression hearing have the evidence needed to impeach the witnesses.  The respondent also argues that the claim of ineffective assistance of counsel has not been exhausted, is now procedurally defaulted under state law and that there is not a justification under law for the procedural default.

The petitioner's claims that trial counsel and Pennsylvania Post Conviction Relief Act counsel were ineffective have not been exhausted in state court and have been procedurally defaulted. A claim that trial counsel was ineffective was raised in the petitioner's Post Conviction Relief Act petition, but the denial of that Post Conviction Relief Act claim was not raised in the appeal from the denial of the Post Conviction Relief Act petition.

The ineffective assistance of counsel claim should be denied for failure to exhaust. A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254(c). *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

The habeas petitioner must exhaust his state remedies as to each of his federal claims. If a habeas corpus petition contains both exhausted and non-exhausted claims the petition should normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982). However, an application for a writ of habeas

14

corpus may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. 28 U.S.C. §2254(b)(2).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"). A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.* Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." *Id.*

A second Post Conviction Relief Act petition filed by the petitioner would be untimely. *See 42 Pa.C.S.A. § 9545(b) (petition must be filed within one year of the date judgment*

15

*becomes final)*. There are not any state remedies left for the petitioner to exhaust.

The petitioner exhausted his claim of a Fourth Amendment violation, but did not exhaust his claim of ineffective assistance of counsel, in state court. He has not shown cause[3] and prejudice or a fundamental miscarriage of justice to excuse the default.

If the ineffective assistance of counsel claim were to be addressed on the merits, it should be denied on that basis, for the following reason.

---

[3] To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of counsel may meet this standard but only if the ineffective assistance of counsel claim has been exhausted in the state courts as an independent claim. *Id.* In the instant case, the petitioner can not establish ineffective assistance of counsel as cause for his failure to present his defaulted claims to the Pennsylvania courts because the petitioner has not exhausted such ineffective assistance claims in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself."). Moreover, since there is no Sixth Amendment right to representation during a collateral challenge to a conviction, the ineffectiveness of PCRA counsel can not serve as cause for a procedural default. *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

16

The petitioner's argument that counsel was ineffective for not having entered two time-stamped photographs taken of the petitioner's hands on the date of the petitioner's arrest (and of the search of the petitioner's vehicle) into evidence at the suppression hearing, assuming *arguendo* that counsel had the photographs, is an argument that counsel made a strategic decision that the petitioner considers to have been erroneous as a strategic decision. A claim of ineffective assistance of counsel requires a two part analysis. First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Counsel's performance should be viewed from counsel's perspective at the time without the distorting effects of hindsight. *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001). Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. *Strickland, supra,* 466 U.S. at 687. To establish prejudice the petitioner must show that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Id.* at 694. The standard of the *Strickland* decision for a federal court to find that a state defendant's attorney was ineffective in violation of the defendant's Sixth Amendment right to counsel

17

has not been met. The state court did not conduct a hearing on the petitioner's Pennsylvania Post Conviction Relief Act petition and did not make a factual finding specifically evaluating the strategic merit of trial counsel's decision as to proffering the two "hands" photographs at the suppression hearing. See Doc. 17, Exh. M. The court did find, without a hearing, that counsel's decision had not so undermined the truth-determining process that no reliable determination of guilt or innocence could have taken place. This finding in this case is unassailable, in that the reliability of the evidence taken from the car is unquestioned. The existence of probable cause to have searched the car is also unquestioned, as is the fact of the procurement by the police of a search warrant.

Finally, the petitioner's claim as to the introduction of bad prior acts evidence is not framed or presented as a claim of a violation of the petitioner's federally protected rights and is not cognizable under 28 U.S.C. § 2254.

It is recommended that the petition for a writ of habeas corpus be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: April 29, 2010.