FILED
SCRANTON
NOV 15 2010
PER  M. 6. P.
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KEVIN HOWELL, | : | |
| Petitioner | : | |
| | : | CIVIL ACTION NO. 3:09-CV-1282 |
| v. | : | |
| | : | (JUDGE NEALON) |
| COMMONWEALTH of PA, | : | |
| Respondent | : | (MAGISTRATE JUDGE SMYSER) |
| | : | |

## MEMORANDUM and ORDER

On July 6, 2009, Petitioner, James Kevin Howell, an inmate confined at the State Correctional Institution at Fayette, ("SCI-Fayette"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). An Order to Show Cause was issued on August 18, 2009. (Doc. 4). Respondent filed a response to the habeas petition on October 9, 2009. (Doc. 10). In December 2009, counsel was appointed for Petitioner. (Doc. 13). Petitioner's counsel filed a brief on February 22, 2010 and Respondent filed a brief in opposition on March 9, 2010. (Docs. 16, 17).

On April 29, 2010, a Report was issued by United States Magistrate Judge J. Andrew Smyser recommending that the petition be denied. (Doc. 19). Petitioner filed objections on June 14, 2010. (Doc. 22). After de novo review and for the reasons set forth below, the Report and Recommendation will be adopted.

## Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to

1

which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Background

On June 24, 2005, a jury convicted Petitioner of aggravated assault, unlawful restraint, terroristic threats, recklessly endangering another person and possession of instruments of a crime. Petitioner was acquitted of the charges of criminal attempt, kidnapping and stalking. On July 28, 2005, he was sentenced to twelve (12) to twenty-four (24) years in prison. Petitioner appealed to the Pennsylvania Superior Court, the appeal was denied and his conviction was affirmed on August 11, 2006. He did not appeal to the Pennsylvania Supreme Court.

Petitioner filed a pro se Post Conviction Relief Act ("PCRA") petition on December 21, 2006. The PCRA petition was dismissed on August 13, 2007 without a hearing. Petitioner

2

appealed to the Pennsylvania Superior Court and the dismissal was affirmed on June 25, 2008. On January 29, 2009, the Pennsylvania Supreme Court denied a petition for the allowance of appeal. Petitioner filed the present petition for writ of habeas corpus on July 6, 2009. (Doc. 1).

## Discussion

Petitioner filed the instant petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence: his vehicle was searched before a search warrant was issued, trial counsel at the suppression hearing was ineffective for failing to use two time-stamped photographs of Petitioner's hands, counsel at trial was ineffective, and testimony at trial about his prior bad acts was damaging. (Doc. 1). Petitioner's counsel submitted a brief in support of the habeas petition arguing that the search of Petitioner's car was a violation of the Fourth Amendment, trial counsel at the suppression hearing was ineffective for not introducing the time-stamped photograph's of Petitioner's hands, Stone v. Powell[1] does not bar the Fourth Amendment claim, and Petitioner has exhausted state court remedies and any procedural default should be excused. (Doc. 16).

Petitioner's counsel set forth essentially the same arguments in his objections to the Report and Recommendation, namely, (1) the search of his car was a violation of the Fourth Amendment; (2) Stone v. Powell does not bar his claim that the suppression hearing was flawed; (3) he has exhausted state court remedies and any procedural default should be excused; and (4)

---

[1] Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

3

trial counsel was ineffective for failing to use evidence at the suppression hearing that would have shown that the search was conducted before the search warrant was obtained. (Doc. 22).

### A. *Fourth Amendment*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Petitioner argues that his Fourth Amendment rights were violated when the police searched his vehicle before a search warrant was obtained. (Doc. 22, pgs. 13-17). Prior to trial, Petitioner argued that blood evidence seized from his car should be suppressed because the search occurred before a search warrant was issued. (Doc. 22, pg. 13). A hearing was held on the motion to suppress and it was ultimately denied by the trial court. Petitioner avers that two pictures of his hands taken by the police officers were taken before he went to the police station and before the warrant was issued. (Doc. 16, pg. 4, note 1).

The Magistrate Judge found that Petitioner's challenge to the legality of the search of his car may not be raised in a Section 2254 habeas corpus petition. (Doc. 19, pg. 8). The Magistrate Judge stated that the Constitution does not contain any provision requiring the exclusion of relevant or probative evidence in a criminal trial on the basis that it was obtained by police through a violation of the Fourth Amendment prohibition against unreasonable searches and seizures. (Doc. 19, pg. 8). Rather, the exclusion of such evidence was adopted by the United States Supreme Court in Weeks v. United States, 232 U.S. 383 (1914). However, the Magistrate Judge found that Petitioner's claim is barred by Stone v. Powell, 428 U.S. 465, and that a federal court should not grant a habeas petition on the ground that evidence used in a state trial was seized in violation of the Fourth Amendment if the defendant was given a full and fair hearing, or

the opportunity for one, on his claim that evidence was seized unlawfully. (Doc. 19, pg. 9). In the present matter, Petitioner was given a full and fair suppression hearing. (Doc. 17, Ex. B; Doc. 19, pg. 9). The Magistrate Judge notes that the trial court conducted a suppression hearing and made a determination of the factual issue and therefore the factual issue is not subject to de novo review. (Doc. 19, pg. 10).

In his objections, Petitioner argues that his claim that the suppression hearing was flawed is not barred by Stone. (Doc. 22, pg. 15). He states that a warrantless search of a vehicle is presumptively unreasonable in the absence of probable cause and exigent circumstances. (Doc. 22, pg. 15) (citing Johnson v. Unites States, 333 U.S. 10, 15 (1948), and United States v. Coles, 437 F.3d 361, 367 (3d Cir. 2006)). Petitioner argues that, although the police had probable cause for a search, there were no exigent circumstances justifying a warrantless search. (Doc. 22, pgs. 15-16). Respondent states that there was a warrant and the trial court found that the search was conducted pursuant to a valid warrant.

The trial court conducted a suppression hearing on Petitioner's claim that the search occurred before the warrant was obtained. Witnesses testified that the search was conducted after the warrant was obtained. Also, circumstantial evidence was presented inferring that the search occurred after receiving the warrant. The trial judge considered the evidence and determined that the police conducted the search after obtaining the warrant. The trial judge's determination was not unreasonable and therefore the federal court cannot now make a new determination of this factual issue. See 28 U.S.C. § 2254(d)(2).[2]

---

[2] (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

Further, the Third Circuit Court of Appeals held that Stone precludes federal habeas corpus review of a state court's determination that a Fourth Amendment violation was harmless error. Gilmore v. Macks, 799 F.2d 51 (3d Cir. 1986). The Court stated, "[u]nder Stone v. Powell, a federal court may not reexamine the state court's determination that no Fourth Amendment violation occurred, that a violation had occurred but that introduction of its fruits was harmless, or that any Fourth Amendment violation that might have occurred had harmless results." Gilmore, 799 F.2d at 56. In Gilmore, the petitioner argued that Stone did not apply because he was setting forth a violation of due process of law and fundamental fairness. Gilmore, 799 F.2d at 57. However, the Court held that the state court's Fourth Amendment harmless error determination cannot be transformed into a violation of petitioner's due process rights. Gilmore, 799 F.2d at 57. Similarly, in the present matter, Petitioner attempts to avoid Stone and sets forth a due process violation. However, "petitioner may not cloak his or her Fourth Amendment claim in due process clothing to circumvent Stone v. Powell." Gilmore, 799 F.2d at 57. Upon review, the Magistrate Judge did not err in finding that Petitioner's claim is barred by Stone v. Powell, 428 U.S. 465.

### B. *Exhaustion of Ineffective Assistance of Counsel*

"A federal court may not grant a writ of habeas corpus unless (1) 'the applicant has exhausted the remedies available in the courts of the state', (2) no such state remedy is available or (3) available remedies are ineffective to protect the applicant's rights. 28 U.S.C. §

---

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2).

2254(b)(1)." Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998). "The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a federal prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition...." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. McMahon v. Fulcomer, 821 F.2d 934, 940 (3d Cir. 1987). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claims be presented to the state courts. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, in certain circumstances the federal court will excuse the failure to exhaust and treat the claims as exhausted. Teague v. Lane, 489 U.S. 288, 297-98 (1989); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160

(3d Cir. 2000). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496.

As previously stated, Petitioner was convicted of aggravated assault, unlawful restraint, terroristic threats, recklessly endangering another person and possession of instruments of a crime and was sentenced to twelve (12) to twenty-four (24) years imprisonment. He appealed to the Pennsylvania Superior Court. Court-appointed counsel, Paul W. Muller, Esquire, filed a

motion to withdraw and an Anders[3] brief contending that Petitioner's appeal was frivolous. By Memorandum and Order dated August 11, 2006, counsel's motion to withdraw was granted, the appeal was denied and the conviction was affirmed. Petitioner did not appeal to the Pennsylvania Supreme Court.

Petitioner then filed a pro se PCRA petition on December 21, 2006. A new attorney, Sharon K. Rogers, Esquire, was appointed to represent Defendant, however she filed a motion to withdraw after reviewing the petition and finding there was no merit to any of the issues. Counsel's motion to withdraw was granted and the PCRA petition was dismissed on August 13, 2007. Petitioner filed a pro se appeal of the dismissal of his PCRA petition. Court-appointed appellate PCRA counsel filed a brief in support of the appeal, only addressing whether trial counsel was ineffective for failing to raise the issue of admission of prior bad acts evidence on direct appeal. (Doc. 10-11; Doc. 22, pg. 11). The Superior Court affirmed the dismissal and the Supreme Court denied the petition for allowance of an appeal. The instant petition for writ of habeas corpus followed.

The Magistrate Judge found that Petitioner did not exhaust his claims that trial counsel and PCRA counsel were ineffective and they are procedurally defaulted. (Doc. 19, pg. 13). Petitioner objects and states that he "attempted" to fully comply with the exhaustion requirements and that the exhaustion requirement should be excused. (Doc. 22, pgs. 18-20, 22-27). Present counsel for Petitioner argues that Petitioner's previous court-appointed counsel failed to properly raise the correct issues in state court, his case is more of a procedural default

---

[3] Anders v. California, 386 U.S. 738, 746 (1967) (stating, "appointed counsel who wishes to withdraw from a case he deems 'wholly frivolous'" must file "'a brief referring to anything in the record that might arguably support the appeal'") (citation omitted).

9

and should be excused. (Doc. 22, pgs. 24-27). He argues that there is no state procedure that would allow Petitioner to raise his current claim, Petitioner has exhausted his direct appeal and his PCRA claim, and it would be futile to return to state court. (Doc. 22, pg. 25). He states that his counsel was ineffective and caused the state procedural default, which constitutes "cause" for failure to comply with the state procedural requirements. Id. (citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000)).

The Magistrate Judge notes that, in the PCRA petition, Petitioner raised the claim that his trial counsel was ineffective. The PCRA petition was denied and Petitioner did not present that claim on appeal from the denial of the PCRA petition. Thus, Petitioner has procedurally defaulted his claim of ineffective assistance of counsel. Additionally, the time for filing a PCRA petition has expired. See 42 Pa. C.S.A. § 9545(b) (prisoners must file their PCRA petitions within one-year of the date the judgment becomes final). Accordingly, Petitioner is not entitled to habeas corpus relief with regard to this contention.

## C. *Merits of Ineffective Assistance of Trial Defense Counsel*

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first prong of the Strickland test. Id. at 86. It is not necessary for the court to

10

"guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." Id. at 85. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Chambers, 807 A.2d 872, 883 (Pa. 2002) (quoting Strickland, 466 U.S. at 695-96)). The court must consider the totality of the evidence and the burden is on the petitioner. Strickland, 466 U.S. at 687, 695.

The Magistrate Judge found that the ineffective assistance of counsel claim also fails on the merits and Petitioner did not meet the requirements under Strickland. (Doc. 19, pgs. 16-18). Respondent maintains that Petitioner's attorney at the suppression hearing did not have the photographs of Petitioner's hands. Counsel cannot be found ineffective for failing to present evidence that was not available to him. At the suppression hearing, police officers testified that the search began with the taking of the photographs. An officer testified that Petitioner was taken from the scene to the district justice at 3:00 p.m. The search warrant was issued at 3:25 p.m. Photographs were introduced and showed that they were taken between 3:49 p.m. and 3:52 p.m. Petitioner states that this is not possible and he was not at the police station after 3:00 p.m. He avers that the officers fabricated testimony, the photographs appear to be taken before he went to the police station and therefore the search occurred before the warrant was issued. The trial court considered this evidence at the suppression hearing and denied suppression.

Petitioner argues that counsel was deficient in failing to use additional evidence, namely the photographs of Petitioner's hands time-stamped at 3:37 p.m. at the police station. Petitioner states that defense counsel had these photographs in his possession, but failed to use them. (Doc.

22, pg. 19). Again, Respondent asserts that defense counsel did not have these time-stamped photographs available until after the suppression hearing was over. (Doc. 18, pg. 9). Respondent states that the photographs were entered into evidence after the suppression hearing and the Superior Court considered them in rendering its decision. (Doc. 18, pg. 10; Doc. 10-7, pg. 35). The transcript notes indicate that two photographs of Petitioner's hands were entered into evidence at the jury trial on June 24, 2005. (Doc. 10-7, pg. 35). It was stated during trial that the photographs of Petitioner's hands were not available when the officer was testifying at the suppression hearing, but they were entered into evidence the following day when they were available. (Doc. 10-7, pg. 35). Moreover, Petitioner raised this claim in his PCRA petition and the trial court found, without a hearing, that counsel's decision not to proffer the photographs at the suppression hearing did not undermine the truth seeking process. (Doc. 19, pg. 18).

The Magistrate Judge states that, assuming arguendo that trial counsel had the photographs of Petitioner's hands available at the suppression hearing, Petitioner's claim that trial counsel was ineffective for failing to enter into evidence the photographs of his hands is an argument that counsel made a strategic decision that Petitioner did not agree with. (Doc. 19, pg. 17). Strickland and its progeny make clear that a counsel's strategic choices will not be second guessed by post-hoc determinations that a different trial strategy may have yielded a better result. Strickland, 466 U.S. at 689; see also Darden v. Wainwright, 4 77 U.S. 168 (1986).

Lastly, the Magistrate Judge did not err in finding that Petitioner's claim regarding evidence of prior bad acts is not properly raised in the habeas action. (Doc. 19, pg. 18).

## Conclusion

Based on the foregoing, the Magistrate Judge's Report and Recommendation will be

12

adopted. The petition for writ of habeas corpus will be denied. An appropriate order follows.

**Date:** November 15, 2010

_____
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES KEVIN HOWELL, :
    Petitioner :
 : CIVIL ACTION NO. 3:09-CV-1282
v. :
 : (JUDGE NEALON)
COMMONWEALTH of PA, :
    Respondent : (MAGISTRATE JUDGE SMYSER)
 :

## ORDER

**AND NOW**, this 15th day of November 2010, **IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 18) is **ADOPTED**.

2. Petitioner's Objections (Doc. 22) to the Report and Recommendation are **OVERRULED**.

3. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case.

5. There is no basis for the issuance of a certificate of appealability.

                                               /s/ William J. Nealon
                                          **United States District Judge**